[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 18, 2000, the plaintiff, John Torgerson, brought this product liability action, pursuant to General Statutes §§ 52-572m through52-572q, inclusive, against the defendant, Frank J. Zamboni Co., Inc. The complaint alleges that the plaintiff, an employee of the town of Hamden, Connecticut, was injured on March 21, 1998, while operating an ice resurfacer (product) that Hamden had purchased from the defendant manufacturer.
On May 14, 2001, the defendant filed an answer and special defense that the plaintiffs action is barred by the statute of limitations set forth in General Statutes § 52-577a. On February 28, 2001, the defendant filed the present motion for summary judgment on the ground that the complaint is barred by the statute of limitations set forth in §52-577a.
In support of its motion, the defendant filed a memorandum of law, an affidavit of Richard Zamboni, the president of Frank J. Zamboni Co., Inc., and an invoice form regarding the purchase of the product. On May 4, 2001, the plaintiff filed a memorandum of law in opposition to the motion. CT Page 15120
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board ofEducation, supra, 254 Conn. 209.
General Statutes § 52-577a provides two time limitations to a product liability action.[1] First, the plaintiff must bring his action within three years from the date of the injury. It is not disputed that the plaintiff has satisfied this three year limitation because he commenced the present action on August 18, 2000, within three years from the date of his alleged injuries on March 21, 1998. Second, the statute also provides that the plaintiff must bring his action within ten years from the date that the manufacturer last parted with possession or control of the product. It is not disputed that the plaintiff has failed to satisfy this ten year limitation rule. The evidence that the defendant provides shows that the defendant shipped the product on September 19, 1980, almost twenty years from the date that the plaintiff filed this action.[2] There is no genuine issue of material fact; therefore, this action is time-barred under § 52-577a.
In opposition, the plaintiff argues that there is a genuine issue of material fact that his suit may fall under one of the three exceptions to the ten year statute of limitations, as provided in subsections (c) and (d) of § 52-577a.[3] The plaintiff, however, has submitted no affidavit or evidence to show that the exceptions may apply in this case. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "Merely alluding to disputed material facts . . . without providing substantiation, does not sufficiently establish those facts to preclude summary judgment." Gupta v. New Britain General Hospital, 239 Conn. 574,582, 687 A.2d 111 (1996).
Because there exists no genuine issue of material fact that this action is barred by the ten year limitation under § 52-577a, the defendant's motion for summary judgment is granted. CT Page 15121
 Howard F. Zoarski Judge Trial Referee